1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ROGER S. RAPHAEL, SB# 111946
2     E-Mail: Roger.Raphael@lewisbrisbois.com
   333 Bush Street, Suite 1100
3  San Francisco, California 94104-2872
   Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   RACHEL F. KASHANI, SB# 283680
6     Email: Rachel.Kashani@lewisbrisbois.com
   650 Town Center Drive, Suite 1400
7  Costa Mesa, CA 92626-7020
   Telephone: 714-545-9200
8  Facsimile: 714-850-1030

9  Attorneys for Defendant BMW OF
   NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CAMERON WATSON JR., | Case No. |
|---|---|
| Plaintiff, | **DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A) AND 1441(B)** |
| vs. | |
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive, | |
| Defendants. | |

**TO THE HONORABLE COURT, PLAINTIFF HEREIN AND HIS RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 26, 2022, Defendant BMW OF NORTH AMERICA, LLC (referred to as "BMW NA" or "Defendant"), by and through their counsel, filed this Notice of Removal to remove the state civil action described below, *Cameron Watson Jr. v. BMW of North America, LLC*, Sacramento County Superior Court Case No. 34-2022-00322929, on the basis of diversity of

citizenship, pursuant to 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b) as follows:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Sacramento by Plaintiff Cameron Watson Jr. ("Plaintiff") against BMW, entitled *, Cameron Watson Jr. Plaintiff v. BMW of North America, LLC, a Delaware Limited Liability Company; and DOES 1-10, Defendants,* Case No. 34-2022-00322929 (the "State Action").

2. On July 6, 2022, Plaintiff filed the State Action asserting breach of implied and express warranties under California's Song-Beverly Consumer Warranty Act. (*See* Complaint.)

## II. PROCEDURAL REQUIREMENTS

3. Defendant has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Defendant was served with a copy of the Complaint on July 28, 2022. (Declaration of Rachel F. Kashani ("Kashani Decl.") ¶ 14.) Therefore, this Notice of Removal is timely filed.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the state action in BMW's possession are attached to the Kashani Decl., as **Exhibit A**.

5. On August 24, 2022, Defendant filed an Answer to the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy Defendant's Answer to Plaintiff's Complaint is attached to the Kashani Decl., as **Exhibit B.**

6. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place in which the removed action has been pending.

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Sacramento promptly after filing of same in this Court.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9. Consistent with Congress's intent that parties may amend allegations of jurisdiction if they are questioned, *see* 28 U.S.C. § 1653, this Court should not *sua sponte* remand this action, *see Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir. 1987) ("This court has noted that *sua sponte* dismissals without prior notice or opportunity to be heard are 'hazardous' . . . . A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect.").Thus, if any question arises as to the propriety of this removal, BMW NA requests the opportunity to amend this notice of removal following any necessary discovery, briefing, and oral argument.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of BMW NA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

### III.   DIVERSITY OF CITIZENSHIP EXISTS

11. The basic requirement in diversity cases is that all Plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides in with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable …." 28 U.S.C. § 1446(b)(3).

13. "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc*., 357 F.3d 827, 829 (8th Cir. 2004).

14. Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of California. (Compl., ¶ 2; establishing that Plaintiff resides in California); *Ervin v. Ballard Marine Constr., Inc.* (N.D. Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S. Dist. LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.)).

15. BMW NA is, and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Delaware.

16. Plaintiff's Complaint admits that Defendant is a limited liability company formed and registered in Delaware: "BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, Defendant." (See **Exhibit A**).

17. At the time Plaintiff's Complaint was filed, and at the time of this Notice of Removal, Defendant BMW OF NORTH AMERICA, LLC's principal place of business was not in California, but instead is and was in Woodcliff Lake, New Jersey (*See* Kashani Decl., ¶ 3").

18. In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the United States Supreme Court eliminated any uncertainty as to the meaning of "principal place of

business."; the principal place of business is the "nerve center" where the company's high level officers direct, control and coordinate the company's activities. (See *Id*. at 1184-1185.)

19.  BMW NA's high level officers direct, control and coordinate its operations from Woodcliff Lake, New Jersey (*See* Kashani Decl., ¶ 3). The sole member of BMW NA is BMW (US) Holding Corp., which was and still is organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and is not, organized under the laws of the State of California, wherein this action was brought. (*Id*.)

20.  For the reasons stated above, there is diversity of citizenship between Plaintiff, a California citizen, and Defendant BMW NA, a citizen of New Jersey.

21.  As of July 6, 2022, when this action was commenced in state court, complete diversity existed as to the parties, and continues to exist as of the date of this filing. "Doe" defendants may be ignored for removal purposes. *See Salveson v. Western State Bank Card Ass'n*, 731 F.2d 1423 (9th Cir. 1984).

## IV.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

22.  The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

23.  Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the Plaintiff to plead the required amount. Absent the facial showing from

the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegations regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (holding that the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability, and vacating the District Court's order to remand the case to state court); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless it is legally impossible for Plaintiff to recover that much and reversing District Court's decision to remand the case to state court).

24. BMW NA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. (*Id.*)

25. This lemon law action arises out of Plaintiff's purchase of a used 2016 650i series ("Subject Vehicle"). (*See* Kashani Decl. ¶ 4.)

26. The sales contract for the Subject Vehicle lists a "Total Sale Price" of $48,112.09 (*See* Kashani Decl., **Exhibit C** (sales contract).)

27. In his Complaint, Plaintiff alleges that his damages are based on the sales price of his BMW 650i series vehicle, together with civil penalties under the Song-Beverly Warranty Act up to twice the cost of his vehicle, attorneys' fees, and various other damages (*See* **Exhibit A**.) More specifically, Plaintiff seeks damages for:

   a. For general, special and actual damages according to proof at trial;

b. For rescission of the purchase contract and restitution of all monies expended;

c. For diminution in value;

d. For incidental and consequential damages, according to proof at trial;

e. For a civil penalty in the amount of two times the amount of Plaintiff's actual damages;

f. For prejudgment interest at the legal rate;

g. For revocation of acceptance of the Subject Vehicle;

h. For reasonable attorneys' fees and costs of suit; and

i. For such other and further relief as the Court deems just and proper under the circumstances.

(See **Exhibit A**, Complaint, Prayer, pp. 5-6).

28. Civil penalties under the Song-Beverly Act are properly included in the amount in controversy calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009, 1011 (N.D. Cal. 2002). So, too, are reasonable estimates of attorney's fees. *Id.* at 1011. In fact, the court in *Fritsch v. Swift Transp. Co. of Ariz., LLC* held that "if a Plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in litigation and should be included in the amount in controversy." 899 F.3d 785, 788 (9th Cir. 2018). Where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorney's fees, such fees may be included in calculating the amount in controversy. *See id.*; *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

29. Thus, the amount in controversy based on restitution and two times civil penalty will exceed $75,000.00, exclusive of interest and costs. If Plaintiff prevails on the Song-Beverly claim, the estimated actual damages would be calculated as follows:

**Amount Potentially Owed Under the Contract:**   $48,112.09 - Plaintiff's "Use" of $1768.43

|   |   |
|---|---|
| = | $46,343.66 of Actual Damages to Plaintiff |
| *Plus* Civil Penalties | $92,687.32 |
| = | **$139,030.98 of Potential Damages Awarded** |

30. Plaintiffs' attorneys in Song-Beverly cases who have tried or prepared for trial regularly request more than $50,000 in attorneys' fees. *See, e.g., Hall v. FCA US LLC*, 2018 U.S. Dist. LEXIS 85048, at *8–9 (E.D. Cal. May 21, 2018) (plaintiffs' counsel sought $82,110 in fees ); *Ruiz v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 76855, at *22 (C.D. Cal. May 7, 2018) (Plaintiffs' counsel sought $203,966 in fees); *Garcia v. FCA US LLC*, 2018 U.S. Dist. LEXIS 37594, at *8 n.1 (E.D. Cal. Mar. 7, 2018) (plaintiffs' counsel sought $60,615 in fees); *Davtian v. Jaguar Land Rover N. Am. LLC*, 2017 U.S. Dist. LEXIS 30600, at *3 (C.D. Cal. Mar. 3, 2017) (plaintiff's counsel sought $195,125 in fees); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 464 (2016) (trial court awarded $185,000 in attorneys' fees and costs).

31. Based on the foregoing, all requirements for diversity jurisdiction and removal jurisdiction have been met.

## V. CONCLUSION

32. Consequently, the State Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. section 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED: August 26, 2022          ROGER S. RAPHAEL
                                RACHEL F. KASHANI
                                LEWIS BRISBOIS BISGAARD & SMITH LLP


                                By: _____
                                    RACHEL F. KASHANI
                                    Attorneys for Defendant BMW OF
                                    NORTH AMERICA, LLC



4854-9108-1007.1                           9
DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(A) AND 1441(B)

# CERTIFICATE OF SERVICE
*Cameron Watson v BMW of North America, LLC, et al.*
USDC-Eastern District, Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, California, 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 26, 2022, I served a true copy of the following document:

**DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(A) AND 1441(B)**

I served the document on the following person at the following address (including a fax number and email addresses, if applicable):

Roger Kirnos                                    Attorneys for Plaintiff CAMERON WATSON
Maite C. Colon (SBN 322284)
KNIGHT LAW GROUP, LLP
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973
rogerk@knightlaw.com
maitec@knightlaw.com
emailservice@knightlaw.com

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** The document was served by CM/ECF (excluding those not registered for CM/ECF who were served by mail or email, if applicable).

☒ **(BY ELECTRONIC TRANSMISSION ONLY)** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above based on notice provided on March 16, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 26, 2022

*Tammi L. Jones*
TAMMI L. JONES