UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON WATSON, JR., | No. 2:22-cv-01514-DAD-JDP |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| BMW OF NORTH AMERICA, LLC, ET AL., | (Doc. No. 10) |
| Defendants. | |

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 10.) On October 10, 2022, plaintiff's motion was taken under submission on the papers. (Doc. No. 12.) For the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On July 6, 2022, plaintiff Cameron Watson, Jr. filed a complaint initiating this action against defendants BMW of North America, LLC ("BMW") and Does 1 through 10, inclusive, in the Sacramento County Superior Court. (Doc. Nos. 1 at 1, 2; 3 at 9.) Therein, plaintiff alleged the following. On August 17, 2019, plaintiff entered into a warranty contract with BMW regarding a 2016 BMW vehicle (the "subject vehicle"). (Doc. No. 3 at 11.) The subject vehicle experienced defects and nonconformities during the warranty period, including electrical, transmission, and exterior problems. (*Id.*) Plaintiff delivered the subject vehicle to an authorized

1

BMW repair facility for repair of the nonconformities. (*Id.*) After a number of repair attempts, defendant BMW was unable to conform the subject vehicle to the applicable express warranty. (*Id.*) Moreover, BMW failed to promptly repurchase or replace the subject vehicle. (*Id.*) As a result, plaintiff brought this civil action in state court asserting claims under California's Song-Beverly Consumer Warranty Act against defendants for breach of express and implied warranty. (*Id.* at 9.)

On August 26, 2022, defendant BMW removed this action to this court pursuant to 28 U.S.C. §§ 1332 and 1441(b) on the grounds that diversity jurisdiction exists because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000. (Doc. No. 1.)

On September 22, 2022, plaintiff moved to remand this action to the Sacramento County Superior Court, arguing that defendant BMW's removal was untimely and that the amount in controversy requirement under 28 U.S.C. § 1332 has not been met here. (Doc. No. 10 at 2.) On October 6, 2022, defendant BMW filed an opposition to plaintiff's motion to remand. (Doc. No. 11.) On October 14, 2022, plaintiff filed a reply thereto. (Doc. No. 13.)

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction

2

and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

## DISCUSSION

In moving for remand, plaintiff contends that defendant BMW improperly removed this action to federal court because (1) defendant BMW's removal was untimely, and (2) defendant BMW failed to satisfy its burden to establish federal subject matter jurisdiction based on diversity. (Doc. No. 10-1.) Plaintiff does not dispute that complete diversity of citizenship exists here. Instead, plaintiff argues that defendant BMW has failed to show by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000. (*Id.* at 4.) For the reasons explained below, the court is unable to conclude that defendant BMW's notice of removal in this action was untimely and finds that defendant BMW has met its burden to establish that the amount in controversy "more likely than not" exceeds the jurisdictional threshold of $75,000.

**A.   Timeliness of Defendant BMW's Removal**

In the pending motion to remand, plaintiff argues that defendant BMW's removal from state court was untimely, though he provides no elaboration of that argument. (Doc. No. 10 at 2.) Under 28 U.S.C. § 1446(b)(1),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

/////

On the other hand, in support of its notice of removal, defendant BMW filed a declaration by attorney Rachel F. Kashani stating that defendant BMW was served with a copy of plaintiff's complaint on July 28, 2022. (Doc. No. 3 at 3.) In addition, defendant BMW attached to this declaration a copy of process server confirmation indicating that defendant BMW was served with a copy of plaintiff's complaint on July 28, 2022. (*Id.* at 7.) In the absence of an explanation from plaintiff as to why defendant BMW's notice of removal was untimely or any contrary evidence from plaintiff, the court can only assume that the 30-day removal clock was triggered on July 28, 2022, when defendant BMW was served with the complaint. *See* 28 U.S.C. § 1446(b)(1). As noted above, defendant BMW filed its notice of removal in this court on August 26, 2022, fewer than 30 days after it was served with a copy of plaintiff's complaint on July 28, 2022. (Doc. No. 1.) Thus, the court is unable to conclude that defendant BMW's notice of removal in this action was untimely. *See* 28 U.S.C. § 1446(b)(1).

**B.      Amount in Controversy**

The party asserting diversity jurisdiction bears the burden of proving by a preponderance of the evidence—that is, that it is "more likely than not"—that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Comm. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail N. Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *accord Campbell v. Vitran*

/////

/////

*Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).[1]

In an action brought pursuant to the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  The amount directly attributable to use by the buyer "shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity." *Id.* § 1793.2(d)(2)(C).

A buyer who establishes a willful violation of the Song-Beverly Act may recover a civil penalty of up to "two times the amount of actual damages." *Id.* § 1794(c). Song-Beverly civil penalties should be included in the amount in controversy calculation when a plaintiff alleges the action was willful and seeks civil penalties under the act. *See, e.g.*, *Fang v. Ford Motor Co.*, No. 1:22-cv-0561-JLT-SAB, 2022 WL 3444715, at *8 (E.D. Cal. Aug. 17, 2022) (determining that the plaintiff put the civil penalties in controversy by pleading that the defendant acted willfully in failing to comply with the Song-Beverly Act and seeking up to double the actual damages in the prayer for relief); *Cortez Martinez v. Ford Motor Co.*, No. 1:18-cv-01607-LJO-JLT, 2019 WL 1988398, at *7 (E.D. Cal. May 6, 2019) (determining that plaintiffs "expressly placed into controversy by the complaint" where they alleged the defendant's failure to comply with the Song-Beverly Act was willful and the prayer for civil penalty was "in the amount of two times Plaintiffs' actual damages"); *Celestine v. FCA US, LLC*, No. 2:17-cv-00597-DAD-JLT, 2017 WL 3328086, at *4 (E.D. Cal. Aug. 4, 2017); *Elenes v. FCA US LLC*, No. 2:16-cv-05415-CAS, 2016 WL 6745424, at *5 (C.D. Cal. Nov. 14, 2016) ("By specifically seeking the maximum civil penalty [under the Song Beverly Act], plaintiffs placed that amount in controversy."). Moreover, "courts as a matter of law, calculate the amount in controversy based upon the maximum amount

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

of civil penalties available to a plaintiff." *Fang*, 2022 WL 3444715, at *6 (quotations, citations, and modifications omitted).

According to the sales contract offered in support of defendant BMW's notice of removal, the total sale price of the subject vehicle was $48,112.09. (Doc. No. 3 at 75.) Thus, to determine plaintiff's actual damages, the court must reduce from that number the amount directly attributable to the use of the buyer. *See* Cal. Civ. Code § 1793.2(d)(2)(B). In his reply, plaintiff argues that defendant BMW has offered no evidence of what the mileage offset is, and as such, the restitution amount is speculative. (Doc. No. 13 at 7.) However, plaintiff is mistaken; in fact, defendant BMW submitted evidence of the mileage offset in an attachment in support of its notice of removal. (Doc. No. 3.) There, defendant BMW presented a copy of the sales contract, which indicated that the vehicle had 28,121 miles at the time of purchase. (*Id.* at 75.) Defendant BMW also presented records indicating that plaintiff's vehicle had 32,944 miles during its first relevant repair request on January 2, 2020. (*Id.* at 105.) Based on plaintiff having driven the subject vehicle a total of 4,823 miles at the time of the first relevant repair request, defendant BMW calculated the offset figure total to be $1,768.43. (*Id.* at 3.) Defendant BMW asserts that reducing the purchase price by the mileage offset price brings plaintiff's actual damages to $46,343.66. (*Id.*)

Defendant BMW further argues that the amount in controversy requirement is met based on damages and penalties alone because plaintiff seeks restitution of the subject vehicle's purchase price, plus a civil penalty of two times the amount of plaintiff's actual damages based on defendant's allegedly willful conduct. (Doc. Nos. 3 at 3; 11 at 7.) Indeed, in the complaint, plaintiff alleges that he is entitled to "a civil penalty of up to two times the amount of actual damages for BMW's *willful* failure to comply with its responsibilities under the Act." (Doc. No. 3 at 12) (emphasis added). Also, in his prayer for relief, plaintiff requests a "civil penalty in the amount of two times Plaintiff's actual damages." (*Id.* at 13.) Using an actual damages figure of $46,343.66—an amount which plaintiff does not contest—defendant BMW asserts that the two-times civil penalty pursuant to Song-Beverly would equal $92,687.32, for a total of $139,030.98

/////

1   in civil penalties and actual damages, surpassing the $75,000 threshold required for the amount in
2   controversy requirement.  (*Id.* at 3; Doc. No. 1 at 7–8.)

3         Plaintiff does not dispute these figures but contends that defendant BMW has failed to
4   meet its burden because the calculation of $92,687.32 in civil penalties "relies solely on an
5   assumption that a jury would award the maximum civil penalty."  (Doc. No. 10-1 at 7.)
6   Moreover, plaintiff argues that "BMW has not offered any evidence whatsoever to support an
7   award for civil penalties, and thus, it is unable to establish in its Notice of Removal what civil
8   penalties might be imposed.  BMW's Notice of Removal merely points to Plaintiff's civil
9   penalties claim in their Complaint . . . ."  (Doc. 11-1 at 6.)  In other words, plaintiff argues that
10  even though the Song-Beverly Act allows a plaintiff to obtain civil penalties of up to two times
11  the amount of actual damages, defendant BMW "has not offered any evidence whatsoever" that
12  plaintiff will actually receive the maximum amount of civil penalties available.  (*See id.*)

13        Contrary to plaintiff's argument, no such evidence is required.  Defendant BMW need not
14  prove that it willfully violated the Song-Beverly Act for civil penalties to be included in damages
15  calculations.  *See, e.g.*, *Fang*, 2022 WL 3444715, at *7 ("[Defendant] is not required to present
16  evidence that it willfully violated the Song-Beverly Act to include civil penalties in the damages
17  calculation."); *Ricksecker v. Ford Motor Co.*, No. 21-cv-04681-HSG, 2021 WL 6621069, at *3
18  (N.D. Cal. Dec. 22, 2021) (rejecting argument that the defendant had to show that the plaintiff
19  would receive the maximum civil penalties before it could include civil penalties in the amount-
20  in-controversy calculation); *Brooks v. Ford Motor* Co., No. 20-cv-302-DSF-KK, 2020 WL
21  2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer
22  evidence showing it willfully failed to comply with the Song-Beverly Act, given that most
23  defendants . . . will deny that it willfully failed to comply with the Song-Beverly Act.") (internal
24  quotation marks and modification omitted).  Rather, a defendant must only show "by a
25  preponderance of the evidence . . . that the Complaint seeks the maximum civil penalty
26  authorized by the Song-Beverly Act, not that Plaintiff will actually receive it." *Ricksecker*, 2021
27  WL 6621069, at *3; *see also Chavez*, 888 F.3d at 414–15 ("[T]he amount in controversy is
28  determined by the complaint operative at the time of removal and encompasses all relief a court

may grant on that complaint if the plaintiff is victorious.") Because plaintiff clearly pled that defendant BMW acted "willfully" in failing to comply with the Song-Beverly Act in his complaint (Doc. No. 3 at 12) and his prayer for relief seeks up to two times the amount of actual damages (*id.* at 13), plaintiff placed this specific amount into controversy. *See Ricksecker*, 2021 WL 6621069, at *3; *Chavez*, 888 F.3d at 414–15.

Defendant BMW has met its burden to demonstrate by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Because plaintiff's claims for actual damages and civil penalties under the Song-Beverly Act alone are sufficient to support this conclusion according to defendant BMW's calculations, the court need not address the other categories of damages that plaintiff seeks in this case, including attorneys' fees.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand (Doc. No. 10) is denied.

IT IS SO ORDERED.

Dated:  **October 20, 2022**                              *Dale A. Drozd*
                                                           UNITED STATES DISTRICT JUDGE

8